IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

YVONNE DOCKERY                                                                                    PLAINTIFF

      v.                                         NO. 4:10-CV-04070-HFB-JRM

MILLER COUNTY SHERIFF'S DEPT.,
et al.                                                                                                       DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 26, 2010, Yvonne Dockery ("Plaintiff") filed this cause of action against various defendants alleging violations of her constitutional rights by way of 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1. Plaintiff did not pay the filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"), which was granted on May 26, 2010. Order Granting Pl.'s Mot. To Proceed IFP, ECF No. 4. On October 12, 2010, the undersigned entered an order directing Plaintiff to complete and return an addendum to her complaint. ECF No. 7. On November 10, 2010, Plaintiff timely filed the completed addendum. ECF No. 8.

This matter is presently before the court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For reasons discussed below, the court recommends that this action be summarily dismissed as to all Defendants except Defendant Talley, pursuant to Section 1915(e)(2) for failure to state a claim upon which relief can be granted.

**I.   BACKGROUND**

The events surrounding Plaintiff's allegations are not entirely clear on the face of her complaint and furnished addendum. ECF Nos. 1, 8. Therefore, information obtained from *Dockery v. City of Garland*, 4:07-cv-04055 (W.D. Ark. closed October 3, 2007), has been used to provide a

-1-

more complete account of the facts giving rise to Plaintiff's claim.

Plaintiff was the elected mayor of the City of Garland. *Dockery v. City of Garland*, 4:07-cv-04055 (W.D. Ark. closed October 3, 2007) (Pl.'s Add. 1). The City of Garland has a mayor-council form of government. *Id.* at 2. Plaintiff was arrested and charged in connection with unauthorized payroll advances that allegedly occurred while she was in office. *Id; State of Arkansas v. Yvonne Dockery*, CR-2009-0439-3 (filed September 4, 2009). Mail fraud charges were also brought against Plaintiff in federal court. *U.S. v. Dockery*, 4:09-cr-40021-HFB-1 (W.D. Ark. closed January 31, 2011). Plaintiff names as Defendants various individuals from Miller County Sheriff's Department, Texarkana Police Department, the City of Garland, Miller County Prosecutor's Office, and the Arkansas State Police, as well as FBI agent Randle Harris, Honorable Kirk Johnson, and Honorable Barry A. Bryant. Pl.'s Compl. 3-6.

Plaintiff alleges that the Defendants falsely arrested her, conspired against her, denied her due process and equal protection of the law, made slanderous and threatening statements, and verbally and mentally abused her. Pl.'s Add. 1-12. She requests the following relief: damages in the sum of $7,000,000,000, a congressional investigation, and criminal prosecution of the Defendants. Pl.'s Compl. 3-4.

II.   **APPLICABLE LAW**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to the provisions of 28 U.S.C. § 1915(e). These provisions apply to all *in forma pauperis* litigants, whether they are incarcerated or not. *See Floyd v. United States Postal Serv.,* 105 F.3d 274, 275-77 (6th Cir. 1997) (holding that section 1915 applies to both prisoners and non-prisoners, despite the ambiguity of section 1915(a)(1)). Section 1915(e)(2) provides that the court may dismiss a case "at any time" if

it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a claim under 42 U.S.C. § 1983, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speech v. Ramsey County*, 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations describing what each named defendant allegedly did, or failed to do, that violated the plaintiff's federal constitutional rights.

### III. DISCUSSION

The undersigned finds that the majority of Plaintiff's allegations are nothing more than "labels and conclusions" without sufficient factual development. *See Ashcroft v. Iqbal*, - - - U.S. - - - - , 129 S.Ct. 1937, 1949 (2009) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For this reason, dismissal of Plaintiff's claims as to all Defendants except Officer Talley is recommended.

A. Conspiracy

Plaintiff alleges that Defendants Garner, Thornell, Banks, Hector, Rooters, Nash, Davis, Booker, Dudley, Wright, McWhirter, and Harris conspired to have her arrested. Pl.'s Add. 6-9. To state a conspiracy claim under § 1983, a plaintiff must assert "specific facts showing '[a] meeting of [the] minds' among alleged conspirators." *Pittman v. Banks*, 998 F.2d 1018 (8th Cir. 1993) (quoting *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992)). Here, Plaintiff's conspiracy allegations are simply legal conclusions without any supporting facts. Pl.'s Add. 2-12. She repeatedly refers to "bias" or "prejudice," but fails to give any specific facts showing a meeting of the minds. *Id.* As such, Plaintiff's conspiracy allegations are insufficient to support a conspiracy claim.

B. Slander and Verbal Threats

Plaintiff alleges that Defendants Schofield, Whitefield, Nash, Wright, Haltom, Jones, McWhirter and Harris made slanderous and threatening statements toward her. Pl.'s Add. 2-12. These allegations do not rise to a level of constitutional dimension. First, claims for defamation and slander are not cognizable under § 1983. *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) ("words and intents do not rise to the level of constitutional deprivations"). Additionally, "mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (citing *Martin*, 780 F.2d at 1338); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures . . . do not, even if true, amount to constitutional violations."). An exception has been recognized when a defendant's alleged conduct rises to the level of a "brutal" or "wanton act of cruelty." *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986). However, Plaintiff failed to allege any specific conduct which would

warrant application of this narrow exception.

  C. Respondeat Superior

  Plaintiff further alleges that Sheriff Stovall should be held responsible for the actions of his deputies. Pl.'s Add. 2, 5. However, Defendant Stovall cannot be held liable under § 1983 on a theory of respondeat superior. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Ashcroft v. Iqbal*, - - - U.S. - - - - , 129 S.Ct. 1937, 1949 (2009) (In a § 1983 case, an official "is only liable for his . . . own misconduct" and is not "accountable for the misdeeds of [his] agents" under a theory of respondeat superior or supervisor liability). Supervisors, however, "incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (internal quotations marks and citation omitted) (quoting *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990), and *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). Here, no such facts were alleged by Plaintiff. Thus, her claim as to Sheriff Stovall fails.

  D. Equal Protection and Due Process

  Plaintiff fails to show that she was denied equal protection or due process of law. In her addendum, Plaintiff states that she was not given "equal protection of the law," but she does not specifically allege that she is a member of a suspect class or that her claim involves a fundamental right. Pl.'s Add. 2; *see Gallagher v. Magner*, 619 F.3d 823, 839 (8th Cir. 2010). Additionally, Plaintiff alleges that she was denied due process of law, but she does not put forth any facts to support this conclusory allegation. *McDowell v. Dawson*, 221 Fed. Appx. 497 (8th Cir. 2007) (district court properly dismissed plaintiff's conclusory allegations that he was denied due process).

  E. <u>Judicial Immunity</u>

  Plaintiff alleges that Defendant Johnson "did injunctions unfairly" and exhibited "prejudice and bias." Pl.'s Add. 10. She also alleges the "husband wife tort action" against Judge Bryant concerning a no contact order he issued in connection with Plaintiff's conditions of release. *U.S. v. Dockery*, 4:09-cr-40021 HFB-1 (closed January 31, 2011), ECF No. 5.

  Defendant Johnson is a circuit court judge in the Arkansas state courts. Defendant Bryant is a federal magistrate judge for the Western District of Arkansas. Defendants Johnson and Bryant have absolute immunity against any claims for money damages arising out of their official duties. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Furthermore, judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

  Judicial immunity is overcome in only two situations: (1) if the challenged act is non-judicial; or (2) if the action, although judicial in nature, was taken in complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. Plaintiff has not alleged that the actions of Judge Johnson and Judge Bryant were performed outside of their official capacity or in the absence of all jurisdiction. In fact, Plaintiff's allegations deal exclusively with actions taken on the bench. Plaintiff refers to "one case no jurisdiction" in her complaint. Pl.'s Comp. 3. However, her addendum reveals that she objects to the criminal investigation of her theft case rather than Judge Johnson's authority to preside over her case. Pl.'s Add. 10. For these reasons, Plaintiff's claims for money damages against Defendants Johnson and Bryant are barred by the doctrine of judicial immunity.

    F.  <u>False Arrest</u>

Plaintiff alleges the state-law tort of false arrest. Plaintiff claims that she was falsely arrested on January 25, 2009. Pl.'s Add. 11. She did not file her complaint until May 26, 2010. ECF No. 1. Thus, Plaintiff's false arrest claim is barred by the applicable one-year statute of limitations period. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992); ARK. CODE ANN. § 16-56-104.

Plaintiff's remaining allegations are too vague or factually deficient to support a claim. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (*pro se* complaints should be construed liberally, but must allege sufficient facts to support the claims advanced). She alleges entrapment, fraud, deception, and trickery, but states no facts to support these claims. Pl.'s Comp. 5. She alleges that Defendant Pedigreen was part of a false report. Pl.'s Add. 5. However, alleged false reports do not have constitutional implications. *McChristian v. Hampton*, 48 F.3d 1224; *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) ( false disciplinary and witness reports allegedly filed to conceal unlawful behavior by defendants did not implicate a constitutional right). Plaintiff alleges that Defendant Black had a conflict of interest and should not have taken part in her criminal prosecution, yet she fails to state how this alleged conflict violated her constitutional rights. Pl.'s Add. 8.

Finally, Plaintiff claims that Captain Jester denied her a complaint form against Officer Talley. Pl.'s Add. 9. This does not amount to a denial of access to courts, nor does Plaintiff demonstrate that she could not use other avenues to voice her complaint. Even if construed as a First Amendment claim, Plaintiff has not demonstrated any chilling effect. *See Wade v. Goodwin*, 843 F.2d 1150, 1151 (8th Cir. 1988) (plaintiff failed to show any objective chill on his First Amendment rights). Thus, none of Plaintiff's remaining claims rise to a level of constitutional dimension.

To the extent Plaintiff complains the Defendants engaged in criminal conduct and requests an investigation, the undersigned notes that private citizens do not have a judicially cognizable interest in the criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

## IV.     CONCLUSION

Accordingly, it is recommended that the current action be **DISMISSED** as to Defendants Pedigreen, Stovall, Schofield, Garner, Thornell, Cochran, Whitefield, Banks, Hector, Rooters, Nash, Davis, Booker, Dudley, Wright, Haltom, Black, Jones, McWhirter, Jester, Bishop, Harris, Bryant, and Johnson, as it fails to state a claim under § 1983.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of March 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE