```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                TEXARKANA DIVISION
```

**YVONNE DOCKERY**                                                           **PLAINTIFF**

v.                          Civil No.: 4:10-cv-4070

**MILLER COUNTY SHERIFF'S DEPARTMENT ET AL.**                          **DEFENDANTS**

### SUPPLEMENTAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Yvonne Dockery ("Plaintiff" or "Dockery"), instituted this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. She proceeds *pro se* and *in forma pauperis* ("IFP"). The Supplement to the Complaint (Doc. 17) is before the undersigned for preservice screening under the provisions of the IFP statute. See 28 U.S.C. § 1915A. On review, the Court is to dismiss the Complaint, or any portion of the Complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A (b).

Also before the Court is the Motion to Dismiss Party, filed by Defendant Talley. (Doc. 19). The undersigned has also considered the Memorandum Brief in Support of this Motion (Doc. 20), and the Plaintiff's response. (Doc. 24).

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Paul K. Holmes, III, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Supplement to the Complaint (Doc. 17),

including all portions of the Supplement to the Amended Motion to Amend (Doc. 15), be **DISMISSED in their entirety.  It is further recommended that the Motion to Dismiss (Doc. 19), filed by Officer Talley, be GRANTED and all other pending motions be DISMISSED as moot.**

I.   Background

Plaintiff filed this action on May 26, 2010, alleging claims against various individuals from the Miller County Sheriff's Department; the Texarkana Police Department; the City of Garland, Arkansas; the Miller County Prosecutor's Office; the Arkansas State Police, including Defendant Talley; FBI Agent Randle Harris; the Honorable Kirk Johnson; and the Honorable Barry A. Bryant.  (Doc. 1).  Those claims are summarized and discussed in the Report and Recommendation issued by the Honorable Judge James R. Marschewski on March 14, 2011.  (Doc. 11).

The only claim on which Judge Marschewski did not recommend dismissal of the Complaint was the claim against Defendant Talley. (See id.)  In an Addendum to the Complaint (Doc. 8), Plaintiff stated she was suing Talley in his official and individual capacities, and that Talley "harass me constantly in his patrol car stopping without cause never gave warning or ticket to me perjured himself in a case in municipal court etc [sic]."

On March 9, 2011, Plaintiff filed a Motion to Amend her Complaint (Doc. 9), followed by an Amended Motion to Amend (Doc.

10), on March 14, 2011. The Amended Motion to Amend was granted, and a Supplement to the Complaint was filed. (Docs. 16, 17). In the Supplement to the Complaint, Plaintiff adds as Defendants: Harry F. Barnes, United States District Judge; Candace Taylor, United States Attorney; Jeff Harrelson, Plaintiff's Criminal Justice Act appointed attorney for her federal criminal charges; Judge James R. Marschewski, United States Magistrate Judge; The Texarkana Gazette, a newspaper; Lynn LaRowe and Jim Williamson, employees of the Texarkana Gazette. (Doc. 17).

Plaintiff claims conspiracy, "assassination of mind" and mental anguish. (Id.) Specifically, Plaintiff alleges that Judge Barnes had "prejudice bias in and out of Court" and "conspired with attorney Harrelson and U.S. Attorney Candace Taylor, FBI Agent Randle Harris, and Texarkana Gazette employee, Lynn LaRowe, etc." (Id.) Plaintiff does not provide any further information regarding the alleged conspiracy. Judge Barnes is also alleged to have denied every motion "ever filed" in her case, but to have granted similar motions in other cases. (Id.)

Plaintiff further alleges that Candace Taylor did not allow Plaintiff to face her accusers and knowingly filed charges "on [the] wrong party." (Id.) Taylor is also accused of allowing F.B.I. agent Randle Harris to sit with her in the courtroom, presumably during some portion of Plaintiff's case, to go in and out, and tell witnesses what to say. (Doc. 17).

Jeff Harrelson, a private attorney appointed to represent

-3-

Plaintiff under the Criminal Justice Act, is alleged to have inadequately defended her and to have conspired with Judge Barnes and the U.S. Attorney, as well as failed to subpoena witnesses that she asked him to subpoena and called witnesses who were detrimental to her case.  (Id.)

Judge Marschewski is alleged to have failed to serve the defendants with Plaintiff's Complaint[1] and allowed "the information he received to be delayed when [Plaintiff] knows he knows there's so much evidence and merit for Defendants to be served."  (Id.)

Plaintiff alleges that Lynn LaRowe has conspired with government officials, conducted herself as a prosecutor, and has continued to harass Plaintiff through Plaintiff's attorney.  (Id.) Jim Williamson is alleged to have brought up Plaintiff's case at "Garland meetings" and to have tried to "break [her] down."  (Id.)

In the Supplement to her Complaint (Doc. 17), Plaintiff seeks $9,000,000,000.00 in relief against these newly-named Defendants. Plaintiff has also filed a Supplement (Doc. 15) to her Amended Motion to Amend (Doc. 10), which will be construed as also supplementing the Supplement to the Complaint.  (Doc. 17).  In this second Supplement (Doc. 15), Plaintiff states she is making claims of being denied equal protection under the Racketeer

---

[1] Judge Marschewski did direct service on Defendant Talley on March 14, 2011.  (Doc. 12).  Talley was served on April 1, 2011.  (Doc. 18).  As to the other Defendants, Judge Marschewski entered a Report and Recommendation on March 14, 2011, recommending that claims regarding the remaining Defendants be dismissed prior to service.  (Doc. 11).

Influenced and Corrupt Organizations Act ("RICO") by Miller County Officials, and restates other claims against the Miller County Officials which were subject to the Report and Recommendation entered by Judge Marschewski. (Doc. 11). Furthermore, in this second Supplement (Doc. 15), Plaintiff again states she is seeking $9,000,000,000.00 in monetary damages, and states that she is currently still incarcerated in Waldron, Arkansas[2], and is having difficulty completing her legal work and meeting deadlines.

Defendant Talley filed his Motion to Dismiss (Doc. 19), on April 18, 2011. As grounds for the Motion to Dismiss, Talley contends that any official-capacity claims against him are barred by sovereign immunity, he has absolute immunity from Plaintiff's claim he perjured himself in municipal court, and Plaintiff has not alleged sufficient facts to state a Fourth Amendment claim. Plaintiff has responded to these arguments, and also appears to assert a defamation claim and a denial of equal protection claim against Talley. (Doc. 24).

**II. Section 1915A Review of the Supplemental Complaint (Docs. 17, 15).**

The Court preliminarily notes that § 1983 provides no right of action against federal officials. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived

---

[2] On June 6, 2011, the Court received a notice of change of address from Plaintiff. (Doc. 22). It appears she is currently residing in the Coleman Medium Satellite Camp, a U.S. Penitentiary, in Coleman, Florida. (Doc. 22).

plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999). Federal officials do not act under color of state law. See e.g., Parker v. Bayer, 93 F.3d 445, 448 (8th Cir. 1996)(stating § 1983 redresses only injuries caused by exercise of some right or privilege created by state, by rule of conduct imposed by state, or by person for whom state is responsible); Schutterle v. U.S., 74 F.3d 846, 848 (8th Cir. 1996) (holding § 1983 claims could not proceed against federal defendants due to § 1983's state action requirement).

Rather, a claim that a federal official has violated an individual's constitutional rights is considered a Bivens claim. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Supreme Court held in Bivens that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. Id. at 389; Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (holding that federal judges do not act under color of state law.).

The Court will therefore construe Plaintiff's claims against defendants Barnes, Marschewski, Taylor and Harrelson to be under Bivens. Plaintiff's claims regarding LaRowe, Williamson and The Texarkana Gazette are construed to be § 1983 claims.

### A.    Federal Judges Barnes and Marschewski

Judge Barnes and Magistrate Judge Marschewski are immune from

suit.  It is clear the acts Plaintiff complains of regarding these Defendants were acts taken in connection with either the criminal case or the case at bar.  Both cases were assigned to Judge Barnes and aspects of the case at bar were handled by Magistrate Judge Marschewski.

Judges are entitled to absolute immunity from suit for all judicial actions except those taken in the complete absence of all jurisdiction. Penn v. U.S., 335 F.3d 786, 789 (8th Cir.  2003). Absolute judicial immunity is not overcome by allegations of bad faith or malice. Mireles v. Waco, 502 U.S. 9, 12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  Such judicial immunity "protects a judicial officer from civil suits seeking money damages . . .." Callahan v. Rendlen, 806 F.2d 795, 796 (8th Cir. 1986).

**B.    United States Attorney Taylor**

Similarly, the claims against Candace Taylor are subject to dismissal. As the Assistant United States Attorney prosecuting Plaintiff, Taylor is absolutely immune from damages liability for her conduct intimately associated with the judicial phase of the criminal process. See Imbler v. Pachtman, 424 U.S. 409, 419 (1976)(§ 1983 case); Thompson v. Walbran, 990 F.2d 403 (8th Cir. 1993) (recognizing a federal prosecutor is immune in a Bivens action). All conduct identified by Plaintiff occurred while Taylor represented the United States in presenting the criminal case to the Court. Thus, her conduct was intimately associated with the judicial phase of the criminal process and she is clearly immune

from suit for money damages.

Furthermore, a claim against Taylor in her official capacity is a suit against the United States. See e.g., Kentucky v. Graham, 473 U.S. 159, 166 (1985). A claim cannot be brought against the United States unless the United States waives its sovereign immunity and consents to be sued. The United States has not waived its sovereign immunity in Bivens actions. See e.g., Schutterle, 74 F.3d at 848; Coleman v. Espy, 986 F.2d 1184, 1189 (8th Cir. 1993).

### C.  Attorney Harrelson

Jeff Harrelson was appointed to represent Plaintiff in her federal criminal case as a Criminal Justice Act panel attorney. Plaintiff's claims against Defendant Harrelson are also subject to dismissal. Because Harrelson was appointed by a federal – not a state – court, Plaintiff cannot pursue a § 1983 claim against him. Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984)("By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action"). Further, Plaintiff cannot pursue a Bivens claim against Harrelson because an attorney appointed by a federal court is not a federal officer for purposes of a Bivens action. Id.

### D.  Newspaper Reporters LaRowe and Williamson and The Texarkana Gazette

The Texarkana Gazette, Lynn LaRowe and Jim Williamson are private actors and not "state actors" amenable to suit under § 1983. See Mooney v. Jonesboro Sun, 2007 WL 4532854 (E.D. Ark. 2007). Therefore, Plaintiff's claims against those defendants

-8-

should be dismissed.

### E.  Miller County Officials

In her Supplement to the Motion to Amend (Doc. 15), Plaintiff states, for the first time, she is making RICO claims against the "Miller County Officials." The Miller County Officials named in her original Complaint were as follows: Jimmy Pedigreen, Sheriff Stovall, Lt. Schofield, Lt. Garner and Detective Thornell of the Miller County Sheriff's Department; as well as, Brent Haltom, Stephanie Black and Carlton Jones, of the Miller County Prosecuting Attorney's Office. (See doc. 1). All other named Defendants were either city, state or federal employees. (Id.) No Miller County Officials were named in the Supplement to the Complaint. (Doc. 17).

The previous Report and Recommendation entered in this case by Judge Marschewski recommended dismissal of all Miller County Officials, including Pedigreen, Stovall, Schofield, Garner, Thornell, Haltrom, Black and Jones. (See doc. 11). Plaintiff's attempt to now assert RICO claims against these Defendants is not sufficient to prevent dismissal.

Regarding Plaintiff's RICO claims (Doc. 15), when a party makes allegations of fraud, "the circumstances constituting the fraud . . . shall be stated with particularity." FED. R. CIV. P. 9(b). Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity. Abels v. Farmers Commodities Corp., 259 F.3d 910, 919 (8th Cir. 2001) (noting that the district court "was quite correct" to apply

the heightened pleading standard required by Rule 9(b) to RICO allegations).

RICO makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To demonstrate a civil violation of this section, "a plaintiff must establish (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." United Healthcare Corp. v. Am. Trade Ins. Co., 88 F.3d 563, 570 (8th Cir. 1996).

The threshold issue in a civil RICO cause of action under 18 U.S.C. § 1962(a), (b), (c), or (d) is whether a defendant has engaged in a "pattern of racketeering activity." In order to qualify as a pattern of activity, the plaintiff must allege two or more predicated acts occurring within ten years of each other. 18 U.S.C. § 1961(5). These acts must also be linked in "continuity." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 240 (1989); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1028 (8th Cir. 2008).

Plaintiff's pleading does not allege the elements necessary to plead a claim for RICO, nor is it plead with the required specificity for a RICO claim. Specifically, Plaintiff makes no allegation of any acts constituting a pattern of any racketeering activity or enterprise which affect interstate or foreign commerce.

Moreover, she does not explain how those elements are established or make any relevant factual allegations, but merely states the conclusory allegation that she is being denied "equal protection of law" under RICO by Miller County Officials. (Doc. 15).

**III. Defendant Talley's Motion to Dismiss (Doc. 19).**

A motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. See FED. R. CIV. P. 12(b)(6); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient. Id. at 555(abrogating the "no set of facts" standard set forth in Conely v. Gibson, 355 U.S. 41, 45-46 (1957)); Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007). Nevertheless, in Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

However, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), quoting Twombly, 550 U.S. at 570. Determining whether a claim is plausible is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id., at 1950; Hamilton v. Palm, 621 F.3d 816, 817–818 (8th Cir. 2010).

The Court agrees with Defendant Talley that to the extent Plaintiff is pursuing official capacity claims for both monetary and prospective injunctive relief, or claims of perjury against Defendant Talley, those claims should be dismissed. Regarding Plaintiff's official capacity claims, the claim for monetary relief against Defendant Talley is clearly barred by sovereign immunity under the Eleventh Amendment, and should be dismissed. Thomas v. Gunter, 32 F.3d 1258, 1261 (8th Cir. 1994) (holding the Eleventh Amendment barred the action against state officials sued in their official capacity). While sovereign immunity would not generally bar prospective injunctive relief, for such relief to be available, a plaintiff must show a prior injury and a real or immediate threat that the plaintiff will be wronged again in a similar way. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Plaintiff has made no such showing and her official capacity claims against Defendant Talley should be dismissed in their entirety.

Regarding Plaintiff's claim that Defendant Talley committed perjury, it is well-settled that police officers are absolutely immune from liability under 42 U.S.C. § 1983 for damages arising out of their alleged perjurious testimony. Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983). Accordingly, Plaintiff's claim regarding Defendant Talley's alleged perjury should be dismissed.

The Court also finds that Plaintiff has not stated a claim

-12-

regarding her allegation that she suffered illegal seizures under the Fourth Amendment by Defendant Talley stopping her for no reason other than harassment. United States v. Long, 320 F.3d 795, 798 (8th Cir. 2003) (explaining that any traffic stop is constitutional under Fourth Amendment as long as the officer had probable cause to believe traffic violation occurred, or reasonable suspicion that occupant was otherwise engaged in criminal activity); see also United States v. Owens, 101 F.3d 559, 561 (8th Cir. 1996) (stating that a police officer may stop an automobile if he or she has reasonable suspicion that its occupant is subject to seizure for violation of law), cert. denied, 520 U.S. 1220 (1997).

Plaintiff has alleged that she was stopped three times by Defendant Talley. Regarding the first incident, she states Talley stopped her and would not tell her why she was stopped. In the second incident, Plaintiff admitted she was speeding. (Doc. 24, ¶4). Regarding her third incident, Plaintiff was with her daughter in the vehicle, and her daughter had an active warrant for her arrest.

Given the facts as pled by Plaintiff and the conclusory nature of those facts, it is difficult to determine what, if any, constitutional violation or unreasonable seizure occurred. At the very least, probable cause appears to be established regarding the second and third stops made by Talley, and therefore no Fourth Amendment violation is established. Long, 320 F.3d at 798. Moreover, regarding the first stop, all Plaintiff alleges is that she was stopped and was not told why she was stopped. There is no

allegation of why this stop was "harassment" or that Talley conducted himself in a manner inconsistent with a routine traffic stop. At this stage in the litigation, Plaintiff has had numerous opportunities, through both her own supplements to the Complaint and questions propounded by the Court, to establish the facts underlying the basis of her lawsuit. The facts as pled by Plaintiff are insufficient to establish a Fourth Amendment violation by Defendant Talley and her claims against him are due to be dismissed.[3]

## IV. Conclusion

For the forgoing reasons, I recommend that Plaintiff's Supplement to the Complaint (Doc. 17), including all aspects of the Supplement to her Amended Motion to Amend (Doc. 15), be dismissed in their entirety for failure to state a claim upon which relief can be granted.

I further recommend that Defendant Talley's Motion to Dismiss (Doc. 19) be granted in its entirety.

As the previous Report and Recommendation entered in this case

---

[3] The Court also notes that even though not pled in any Complaint or Supplement to the Complaint, Plaintiff appears to assert defamation and denial of equal protection claims against Defendant Talley in her response to Talley's Motion to Dismiss. (Doc. 24). Even if these claims were properly before the Court, they must be dismissed. Claims of defamation are not actionable under Section 1983. Paul v. Davis, 424 U.S. 693, 701-02 (1976) (holding defamation, per se, is not actionable under Section 1983); see also Underwood v. Pritchard, 638 F.2d 60, 62 (8th Cir. 1981). Regarding her equal protection claims, the equal protection clause "requires the government to treat similarly situated people alike." Anderson v. Cass County, Mo., 367 F.3d 741, 747 (8th Cir. 2004). To establish an equal protection violation, a plaintiff must also show that he was treated differently than others similarly situated to him or her. See Mendoza-Osequera v. Sanders, 2006 WL 3690889, at *4 (E.D. Ark. Dec. 12, 2006). Plaintiff in this case has made no such showing and has alleged no facts regarding others similarly situated but treated differently by Talley.

by Judge Marschewski (Doc. 11) recommends dismissal of all other claims against all other Defendants, it is **FURTHER RECOMMENDED** that this matter be dismissed in its entirety, upon any adoption of this Report and Recommendation and the one entered previously. (Doc. 11).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED this 12th day of September 2011.**

>                    */s/ Erin L. Setser*
>                    HON. ERIN L. SETSER
>                    U.S. MAGISTRATE JUDGE